32 C.C.P.A.(Patents)

## In re RATIGAN.

### Patent Appeal No. 4970.

Court of Customs and Patent Appeals.

Feb. 7, 1945.

Harold W. Mattingly, of Los Angeles, Cal. (Raymond Jones, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellant filed his application, Serial No. 404,259, for a patent for new and useful improvements in a Stuffing Box. The Primary Examiner allowed four claims of the application and rejected three, nos. 7, 8 and 21, in view of the patent to Owen, 2,079,922, May 11, 1937. The Board of Appeals reversed the decision of the Examiner in part, allowing claim 8. Otherwise, the Examiner's decision was affirmed. From that decision this appeal was taken.

The rejected claims are:

"7. In a stuffing box for providing a fluid seal between a vertically disposed reciprocating rod and a conduit surrounding said rod and confining therein oil under pressure, the combination of: a body member secured to the upper end of said conduit and defining a stuffing box chamber through which said rod is extended; a pair of sealing members in said chamber surrounding said rod for providing a fluid seal between said rod and said body; means spacing said sealing members axially of each other; means for conducting oil from said conduit to the space between said sealing members; and passage means around the uppermost one of said sealing members for conducting oil from said space to the surface of said rod at a point above said uppermost one of said sealing members."

"21. In a stuffing box for providing a fluid seal between a reciprocating rod and a conduit surrounding said rod and confining therein oil under pressure, the combination of: a body member secured to said conduit and defining a stuffing box chamber through which said rod is ex-

tended; a sealing member in said chamber surrounding said rod and providing a fluid seal between said rod and said body; means defining a passage extending through said sealing member for conducting oil from said conduit to that part of said chamber disposed on the opposite side of said sealing member from said conduit; plate means interposed between said sealing member and the bottom of said chamber; and means on said plate means defining a fluid interconnection between said conduit and said passage."

The invention relates to a stuffing box used on the casing head of oil wells. Its purpose is to form a seal between the polished rod and the conduit surrounding it. The polished rod is attached to the top of a string of reciprocating sucker rods used to drive a pump deeply submerged in the well bore. It extends through the packing of the stuffing box and is actuated from the outer end of the walking beam from the ground surface pumping jack. The stuffing box comprises a casing in which there are two packing members between which is a so-called lantern member. Those members have alined holes for the passage of the rod. The packing members are compressed by a top member bolted to the casing. The passage made by the alined holes is of greater diameter than the rod, thus providing an annular space to receive a lubricant. So that the lubricant may be fed into this space and to the space within the lantern member, a passageway is provided into those parts through which oil comes from the well. The oil not only passes into the space provided by the lantern member but also passes upwardly through the opening in the top of the casing formed by the threads of a plug which is screwed in loosely enough to vary the amount of oil desired in lubricating the polished rod at a point above the uppermost of the sealing members. One of the purposes of the invention is to maintain lubrication on the upper side of the top packing element. The oil supplied to the lantern element, and on the top of the box to the polished rod, is forced through a passage extending through the tubing string upwardly through the lower sealing member into the spaces of the lantern and further into the upper reservoir, thence through the plug opening above referred to. The passage through the sealing member is formed by a standpipe, and free access to the oil from the

tubing to the pipe is had by means of a plurality of spacer lugs on the under side of a bottom plate. The lugs space the plate above the floor or bottom of the chamber.

The Owen patent discloses a stuffing box for use at the surface of an oil well. It comprises a casing in which there is a stuffing box with two packing members separated by a lantern member and a polished rod traversing alined openings in those members. The patent does not disclose a separate pipe structure and its connecting passages forming a separate means to feed oil to the space above the upper packing member.

The Primary Examiner rejected claims 7 and 8 on the Owen patent although that patent does not in terms define the "passage means around the uppermost one of said sealing members for conducting oil from said space to the surface of said rod at a point above said uppermost one of said sealing members." The Examiner considered that passage was anticipated in the construction of Owen "by the usual leakage path between packings of this sort and their rods." The Examiner stated that the existence of such leakage conditions is not due to accident but is well understood and appreciated by those familiar with the art. In support of the propriety of that statement he noted merely as exemplary evidence of such fact the patents to Swanson, 1,245,286, November 6, 1917, and Howard, 2,002,012, May 21, 1935, which he said rely upon the limited leakage of oil past the packing. The Examiner reasoned that some oil would leak past the packing elements of Owen and that therefore he provides the broad passage means called for in claims 7 and 8. With respect to claim 8 the Examiner held that the "restricted size of the leakage path provides a means for controlling the rate of flow of oil therethrough."

Claim 21 was rejected by the Examiner for the reason that he considered that the leakage through the lower packing member and the bottom plate of the stuffing box and a small aperture through the latter of the reference defined a fluid "inter-connection between the conduit [a cylindrical portion below the stuffing box] and the leakage passage along the rod through the packing."

The Board of Appeals, in reversing the decision of the Examiner rejecting claim

8, held that there was nothing in the Owen patent "relating to particularly conducting oil to the space above the top of the packing member or for controlling the flow thereof." It also stated that it did not believe "that the *accidental seepage of oil* around the pump rod of Owen satisfies this feature of claim 8," (italics ours). The Board affirmed the Examiner in his rejection of claims 7 and 21 for the stated reason that claim 7 sets out *no detail* as to separate oil conducting means and therefore that the accidental seepage of the oil around the polished rod in the Owen device made it pertinent prior art. With somewhat similar reasoning it held that the seepage of oil under the bottom plate of the Owen device furnished interconection between the conduit and "the oil passage in general around the packing." The Board interpreted the claim as requiring merely the cavity in general of Owen's lubricant chamber [lantern] between the two packing members.

■■ It is pointed out in the brief of the Solicitor that, since appellant did not include in the record copies of the patents cited by the Examiner as exemplary evidence that leakage conditions between the packing and the polished rod are not accidental, we should accept the Examiner's statement as to what those patents show as true. We agree with such statement. However, the Board of Appeals squarely held the seepage of oil around the rod of Owen to be accidental. In view of this contrary statement it seems to us that we cannot infer from the statement of the Examiner that the structure of Owen purposely provides for passage of oil between the polished rod and the packing members, even though it may be true generally in the art. The patent to Owen seemingly is directed to the prevention of any leaks between the packing element and the rod.

■ There is nothing in the reference from which it can be inferred that the polished rod of his device is lubricated at a point above the top sealing member. If it is lubricated at all it is while passing through that member. While the passage means defined in claim 7 is broad, in our opinion it is not met by the device of the reference.

■ The Board of Appeals rejected claim 21 for the stated reason that the particular features found at the end of that claim do not seem to differ from the bottom plate of the Owen device. The Board considered "that some oil would seep" under the plate of the Owen device and thereby furnish interconnection between the conduit and the oil passage in general around the packing. It seems to us that the Board is applying the same reasoning concerning the oil conducting passage of Owen to claim 21 as it did to claim 7, in that it considers the conduit itself to be the passage where oil seeps around the packing. There is a plate means in the reference between the lower sealing member and the bottom of the chamber, but there is no means on the plate of the patent which defines a fluid interconnection between the conduit and the passage unless we were to hold that the mere leaking of oil under the plate, which may or may not take place, meets the last limitation of the claim. Such a holding would be improper.

We can observe nothing in the reference which would teach anyone skilled in the art to construct a device such as defined in the rejected claims, and therefore the decision of the Board of Appeals is reversed.

Reversed.